UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:99-CR-00082-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PERCIVAL ROCHELLE JOHNSON,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's counseled unopposed Motion for Amended Judgment under The First Step Act of 2018 ("2018 FSA"). For the reasons that follow, the Court determines that defendant is qualified for immediate relief under the 2018 FSA.

In May 1999, defendant pled guilty to violating 21 U.S.C. § 841 by conspiring to possess 50 or more grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841. At sentencing in April 2000, the Court found that the offense involved between 50 and 150 grams of cocaine base, a quantity that triggered the enhanced penalties of § 841(b)(1)(A). Based on the drug quantity and the Section 851 notice filed by the Government, defendant faced a statutory mandatory sentence of life imprisonment and a ten-year minimum term of supervised release. The Court imposed the mandatory life sentence on the Section 841 count, along with a concurrent 120-month sentence on the Section 922(g) count. Under the Fair Sentencing Act of 2010 ("2010 FSA"), certain relief was prospectively afforded in crack cocaine cases, raising the threshold for triggering the Section 841(b)(1)(A) enhancements from 50 grams to 280 grams. This relief was not made retroactively applicable to covered offenses until enactment of the 2018 FSA.

Based on the Court's review of the pleadings, defendant is eligible for relief under the 2018 FSA because he is currently serving a sentence for a "covered offense" under Section 404(a)'s definition: his offense was committed before August 3, 2010, he was subjected to the enhanced statutory penalties under § 841(b)(1)(A), and those statutory penalties were "modified by Section 2 ... of the Fair Sentencing Act."

Under the 2018 FSA, this Court has the discretion under Section 404(b) of the Act to "impose a reduced sentence" in accordance with Section 841(b)(1)(B)'s statutory penalties. Applied to defendant's offenses of conviction, defendant faces a statutory minimum term of 10 years' imprisonment, a maximum term of life, and an eight-year minimum term of supervised release. As of February 2019, defendant has served 231 months (not counting good-time credit). Under the Advisory Guidelines, defendant's guideline range is 262 to 327 months as a career offender. However, it appears that under intervening law defendant would no longer be considered a career offender and that his guidelines would be 110 to 137 months.

In addition to the Guidelines, the Court has considered the Section 3553(a) factors. First, the defendant's record of conduct and educational achievements while incarcerated have been considered. Review of the summary of that record supports exercising discretion in favor of a time-served sentence. Second, it appears that defendant has already served in excess of the time that would be required to satisfy a sentence of 262 months when good time is considered. Third and finally, the motion reflects that the government does not oppose a time-served sentence. Having considered the Section 3553 factors on resentencing, the Court agrees that a time served sentence is appropriate and will grant relief accordingly.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's counseled unopposed Motion for Amended Judgment under The First Step Act (#46) is **GRANTED**, and the sentence imposed in this matter is modified to provide for a sentence of **TIME SERVED plus 10 days,** with the period of Supervised Release reduced from 10 years to 8 years. All other conditions of the Judgment and the Conditions of Supervised Release shall remain in effect.

The Clerk of Court is instructed to submit to Chambers an expedited Amended Judgment reflecting the determinations contained in this Order.

Signed: March 25, 2019

Max O. Cogburn Jr.
United States District Judge