UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99-cr-82-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | |
| | ) | **ORDER** |
| PERCIVAL ROCHELLE JOHNSON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 54). The Government opposes Defendant's Motion. (Doc. No. 57). For the following reasons, the Court will deny Defendant's motion.

I. BACKGROUND

In 2000, Judge Voorhees sentenced Defendant to life imprisonment followed by ten years of supervised release for conspiring to possess with intent to distribute cocaine base and marijuana and possessing a firearm as a convicted felon. (Doc. No. 19). In 2019, this Court reduced Defendant's sentence to time served plus ten days, followed by eight years of supervised release. (Doc. No. 48). At the time Defendant filed his motion for early termination, he had been on supervised release for five years of his total eight-year term.

II. DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised

1

release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

Defendant cites compliance with the terms and conditions of his supervised release as a basis for his request for early termination. But contrary to Defendant's claims, he has not fully complied with the terms of his supervision. In 2020, Defendant was arrested for driving while impaired. (Doc. No. 50). In 2021, Defendant tested positive for cocaine. And in 2022, Defendant was convicted in state court for Assault on a Female. (Doc. No. 53).

Here, the Defendant has not exhibited "exceptionally good behavior." Folks, 733 F. Supp 2d at 651. The Court finds that the previously imposed term of supervised release is neither too harsh, nor inappropriately tailored, to serve general punishment goals. Id. Thus, Defendant's motion for early termination of his supervised release will be denied.

**ORDER**

**IT IS HEREBY ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release (Doc. No. 54) is **DENIED**.

Signed: May 29, 2024

Max O. Cogburn Jr
United States District Judge